DA 13-0625

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 107N

AMADOR F. ZUAZUA,

        Plaintiff, Counter-Defendant, and Appellant,

  v.

DAVID J. SPEAR and JILL L. ERICKSON,

        Defendants, Counter-Plaintiffs and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twentieth Judicial District, In and For the County of Lake, Cause No. DV 07-270 Honorable Kurt Krueger, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

                Patrick G. Frank, Matthew J. Cuffe, Jesse C. Kodadek, Worden Thane P.C., Missoula, Montana

        For Appellees:

                Kim T. Christopherson, Christopherson Law Office, P.C., Kalispell, Montana

Submitted on Briefs:  April 2, 2014
Decided:  April 22, 2014

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Amador Zuazua appeals from the District Court's Findings of Fact, Conclusions of Law and Final Judgment, dated June 17, 2013. We affirm.

¶3 Zuazua commenced this matter as a quiet title action against his neighbors, Spear and Erickson. The parties own adjoining properties on Flathead Lake. The access to their properties is a private easement road or driveway that crosses the Spear-Erickson property and terminates at Zuazua's property line. By the time the driveway crosses the Spear-Erickson yard, it is, and historically has been, a narrow two-track with grass growing down the center. The driveway has been a source of conflict between Zuazua and Spear-Erickson for several years. Zuazua asserts the right to control maintenance, to change the road surface, to expand the width, and to expand the use of the driveway.

¶4 The District Court conducted a bench trial from July 25 to July 27, 2012. The parties settled some issues, and those that were left for trial were the width and scope of the easement; whether Zuazua can place gravel on the easement; and which party is responsible for maintenance of the easement. The District Court's Findings thoroughly analyzed the history of property ownership in the area and the history of the road-driveway at issue, finding that the easement was reserved when the property in the area was divided and sold in the 1950s. While the District Court found that there was "no question" about the existence

2

of the easement, there was also no specific grant determining its width, scope, surfacing or maintenance.

¶5 The District Court found that the easement across the Spear-Erickson yard was approximately 10 feet wide, and that a scaled survey from the 1950s shows approximately the same width. Zuazua built a ten-foot-tall fence along his property line and installed a gate which is 14 feet wide. He contends that the easement should be 18 feet wide to allow for two-way traffic, for large construction equipment, and for vehicles to turn around without having to enter his property (even though the only vehicles likely to do so would be those heading to Zuazua's property). Spear-Erickson have historically maintained the easement across their yard. One of the conflicts between the parties arose when Zuazua, without notice or permission, hired a contractor to spread a load of gravel across the easement, widening the drive and obliterating the two-track.

¶6 Based upon the evidence at trial, the District Court concluded that Zuazua has a perpetual right to access his property via the private easement across the Spear-Erickson property. The District Court found that the easement is a "different character" by the time it reaches the Spear-Erickson property because, among other factors, it accesses only the Zuazua property. The easement through the Spear-Erickson property has always been approximately 10 feet wide and has never been wide enough to accommodate two-way traffic. At the same time, the District Court recognized that Zuazua should be able to occasionally expand the use of the easement beyond the ten-foot width when "exceptional circumstances" make it "reasonably necessary and convenient" to accommodate larger vehicles accessing Zuazua's land. Zuazua is not entitled to a perpetual 20-foot easement

3

under § 7-14-2112, MCA. He has not demonstrated that the driveway at issue is a "private highway or byroad" for purposes of that statute, or that there is any law applying that statute to driveways or access roads like the one at issue here. Zuazua has an easement, a limited and non-possessory interest in the land. *Pederson v. Dawson Co.*, 2000 MT 339, ¶ 23, 303 Mont. 158, 17 P.3d 393.

¶7 The District Court concluded that Zuazua's argument that the easement should be expanded in size and use was contrary to the historical use and the use contemplated when the easement was created. The District Court concluded that the easement over the Spear-Erickson property has always been a two-track road with grass in the center, that it has not been graveled, and that placing gravel across the easement is not reasonably necessary or convenient. The District Court found that Spear-Erickson had maintained the easement, and that Zuazua's attempts to take over maintenance had only led to conflict and disputes. Therefore, the District Court concluded that Spear-Erickson should continue to maintain the driveway in a manner to ensure Zuazua's right to access his property. This Court has recognized that even though an easement holder generally has a right to maintain the easement, that right may be curtailed when the facts demonstrate the need for an equitable remedy based upon practical grounds. *Guthrie v. Hardy*, 2001 MT 122, ¶¶ 40-41, 305 Mont. 367, 28 P.3d 467.

¶8 The District Court further concluded that Zuazua's fence and locked gate were an on-going source of conflict because people driving up to the gate when it was locked would turn around in Spear-Erickson's yard. Therefore, the District Court ordered Zuazua to leave the gate open while he was on his property, or alternatively install an intercom system that

4

would allow the gate to be remotely opened. The District Court also ordered Zuazua to install signs explaining the intercom system and directing his visitors to not turn around in the Spear-Erickson yard. The District Court awarded $3901.15 in costs to Spear-Erickson.

¶9 We review a district court's conclusions of law to determine whether they are correct. *Olson v. Jude*, 2003 MT 186, ¶ 34, 316 Mont. 438, 73 P. 3d 809. We review a district court's findings of fact to determine whether they are clearly erroneous. *Brimstone Mining, Inc. v. Glaus*, 2003 MT 236, ¶ 20, 317 Mont. 236, 77 P.3d 175. A finding of fact may be clearly erroneous if it is not supported by substantial evidence in the record; if the district court misapprehended the evidence; or if our review of the record leaves this Court with the definite and firm conviction that a mistake has been made. *Brimstone*, ¶ 20.

¶10 The district court is in the best position to observe and determine the credibility of witnesses and we will not second guess its determination regarding the strength and weight of conflicting testimony. *Tomlin Enterprises, Inc. v. Althoff*, 2004 MT 383, ¶ 22, 325 Mont. 99, 103 P.3d 1069; *Shors v. Branch*, 221 Mont. 390, 399, 720 P.2d 239, 245 (1986). On appeal, when determining whether the trial court's findings are supported by substantial credible evidence, we will view the district court's findings of fact in the light most favorable to the prevailing party, *Tomlin*, ¶ 22. The district court's findings will be upheld even if the evidence could have supported different findings. *Brimstone*, ¶ 20.

¶11 The District Court's findings of fact are supported by substantial evidence and it correctly applied settled Montana law. The District Court declined to order Zuazua to move his gate inside of his property line, Spear-Erickson did not appeal this issue and we decline

5

to address it.  The award of costs to Spear and Erickson was properly entered, M. R. Civ. P. 58(e), and we deny Spear-Erickson's request for attorney fees on appeal.

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions.

¶13    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE